IN RE ESTATE OF MINA SNIGLER, DECEASED.
PATRICIA McINTYRE TURNBOUGH ET AL., APPELLANTS,
V. MINA BOLTE ET AL., APPELLEES.
285 N. W. 2d 836
Filed December 11, 1979. No. 42490.

John R. Hall and McDermott & Hall, for appellants.

Philip M. Martin, Jr., of Higgins & Martin, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from an order of the District Court for Hall County affirming a decree of the county court of Hall County finding that the sole and only heirs at law of Mina Snigler, deceased, who died intestate, were three living first cousins of the deceased, namely, Jane Tabke, Lillie Snider, and Mina Bolte, to the exclusion of appellants, who are

children of deceased brothers and a sister of the designated heirs. We reverse and remand.

Mina Snigler died December 13, 1977, after the effective date of the new probate code, section 30-2201 et seq., R. R. S. 1943.

Prior to the effective date of the code, the determination of the trial court would have been correct. See, § 30-102, R. R. S. 1943, repealed; L.B. 354, Laws 1974, effective January 1, 1977. Douglas v. Cameron, 47 Neb. 358, 66 N. W. 430. However, section 30-2303, R. R. S. 1943, made a significant change in the laws relating to intestate succession. Subsection (4) of that section provides: "(4) if there is no surviving issue, parent or issue of a parent, *but the decedent is survived by one or more grandparents or issue of grandparents,* half of the estate passes to the paternal grandparents if both survive, or to the surviving paternal grandparent, *or to the issue of the paternal grandparents if both are deceased, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation;* and the other half passes to the maternal relatives in the same manner; but if there be no surviving grandparent or issue of grandparent on either the paternal or the maternal side, the entire estate passes to the relatives on the other side in the same manner as the half." (Emphasis supplied.)

Section 30-2209, R. R. S. 1943, subsection (23), provides: "Issue of a person means *all his lineal descendants of all generations,* with the relationship of parent and child at each generation being determined by the definitions of child and parent contained in this code." (Emphasis supplied.)

The comment to section 30-2303, R. R. S. 1943, reinforces this holding: "This section provides for inheritance by lineal descendants of the decedent, parents and their descendants, *and grandparents and collateral relatives descended from grandparents;*

and, if there are none of the above, by the decedent's next of kin.

"In general the principle of representation (which is defined in section 30-2306) is adopted as the pattern which most decedents would prefer." (Emphasis supplied.)

"(Section 2-103 (4)) If the issue of grandparents are all the same degree of kinship to the deceased, they will share equally in the intestate estate, but if of unequal degree, then those of more remote degree take by representation. * * *" 1 Wellman, Uniform Probate Code Practice Manual (2nd Ed.), Part 1, p. 63. See, 9 Creighton L. Rev., p. 478.

We note that the parties each assumed and argued the applicability of subsection (5) of section 30-2303, R. R. S. 1943. Because there were surviving issue of a grandparent, this newly enacted paragraph of the Uniform Probate Code has by its terms no applicability to the factual situation involved in this case.

The District Court erroneously concluded that the first cousins once removed of a decedent who died intestate do not take the share of their deceased parent when there are living first cousins. The judgment must be reversed and the cause remanded to enter a decree of heirship in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.